IN THE DISTRICT COURT
WITHIN AND FOR CAMPBELL COUNTY
SIXTH JUDICIAL DISTRICT
STATE OF WYOMING

| | |
|---|---|
| **LINE FINDERS, LLC**, a Wyoming limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **ARCH INSURANCE COMPANY**, a Missouri corporation, <br><br> Defendant. | Civil Action No. CV039763 |

## AMENDED COMPLAINT

Plaintiff, Line Finders, LLC, by and through undersigned counsel, hereby submits its Amended Complaint against Defendant Arch Insurance Company with Defendant's consent pursuant to W.R.C.P. 15.

### PARTIES

1.  Line Finders, LLC ("Plaintiff") is a Wyoming limited liability company with its street address at 2201 Mitchell Avenue, Gillette, Wyoming, in the County of Campbell. The members of Plaintiff are residents of Delaware and Wyoming, and Plaintiff's manager is located in New York and manages Plaintiff's affairs from New York.

2.  Arch Insurance Company ("Defendant") is a corporation organized under the laws of Missouri. On information and belief, Defendant's principal place of business is in Kansas City, Missouri.

EXHIBIT  B

**JURISDICTION AND VENUE**

3.      The amount in controversy in this matter exceeds $50,000.00 and this Court has subject matter jurisdiction over this action pursuant to Article 5, Section 10 of the Constitution of the State of Wyoming.

4.      This Court has personal jurisdiction over the Defendant because Defendant has entered into agreements with residents of the State of Wyoming, including without limitation Plaintiff, and has therefore availed itself of the protection of the laws of the State of Wyoming. Moreover, Defendants has directed its activities, including the conduct complained of herein, at Plaintiff, and at Wyoming more generally.

5.      Venue is proper in Campbell County under W.S. §§ 1-5-107 and 26-15-134 because the Plaintiff resides in Campbell County, Wyoming, and the cause of action described herein arose, in part, in Campbell County, Wyoming.

**BACKGROUND**

6.      Plaintiff provides services to companies in the oil and gas industry in Wyoming.

7.      Defendant markets and sells its insurance products in Wyoming to residents of Wyoming.

8.      Defendant insures Wyoming residents.

9.      Defendant marketed its products to Plaintiff.

10.     Plaintiff obtained an insurance policy from Defendant, Policy No. EPO005863003 (the "Policy").

11.     Plaintiff paid the required premiums under the Policy at all relevant times.

2

EXHIBIT B

12.    The Policy contains a Blanket Additional Insured Endorsement that requires Defendant to cover under the Policy "those persons or organizations who are required under a written contract with [Plaintiff] to be named as an additional insured[.]"

13.    Non-party Devon Energy Production Company, LP ("Devon") is an entity for which Plaintiff performs services.

14.    Plaintiff and Devon are parties to that certain Master Service and Supply Agreement ("MSSA").

15.    The MSSA requires Plaintiff to name Devon as an additional insured under the Policy.

16.    Therefore, Devon is "an additional insured" within the meaning of the Policy.

17.    On or about October 4, 2018, two of Plaintiff's employees and one of Devon's employees were at an oil well known as Sherwood Federal Site No. 1 near Gillette, Wyoming.

18.    An explosion occurred at Sherwood Federal Site No. 1 while the men were present (the "Incident") and injured one of Plaintiff's employees, Marcus Murschel ("Mr. Murschel").

19.    Plaintiff's employees were not at fault for the Incident.

20.    Rather, one of Devon's employees caused the Incident.

21.    Mr. Murschel sent a letter to Devon demanding compensation for his injuries. Mr. Murschel asserted that Devon is liable for the Incident, and threatened suit if his demand was not met.

EXHIBIT  B

22.     The MSSA requires Plaintiff, under certain circumstances, to defend, indemnify, and hold Devon harmless from any suit or demand related to the work Plaintiff performs for Devon, including expressly suits or demands made by one of Plaintiff's employees.

23.     Devon invoked that provision and tendered the defense of and indemnity against Mr. Murschel's claim to Plaintiff.

## BACKGROUND: THE OKLAHOMA CASE

24.     Plaintiff denied the tender of defense from Devon on the basis that the MSSA does not impose a defense or indemnity obligation on Plaintiff where the claimed injury arises from the reckless or intentional conduct of a Devon employee, which, Plaintiff contends, is the case with the Incident.

25.     Devon then brought suit against Plaintiff in the United States District Court for the Western District of Oklahoma, Case No. CIV-20-636-F (the "Oklahoma Case"). Devon's claims against Plaintiff in the Oklahoma Case include breach of contract and declaratory judgment that Plaintiff is obligated to defend, indemnify, and hold Devon harmless against Mr. Murschel's claims.

26.     Plaintiff moved to stay the Oklahoma Case on the basis that there was no claim to defend against or indemnify unless and until Mr. Murschel took further steps to advance his claim against Devon, such as filing suit.

EXHIBIT  B

27.     The court in the Oklahoma Case disagreed, denied Plaintiff's motion to stay

that matter, and held that Devon's suit against Plaintiff may proceed notwithstanding that

Mr. Murschel had not formally asserted his claims. ["Stay Order"].

28.     Plaintiff submitted a claim under the Policy to Defendant and requested that

Defendant defend and indemnify Devon from Mr. Murschel's claims.

29.     If Defendant would defend and indemnify Devon against Mr. Murschel

pursuant to the Policy, then Devon would dismiss its suit against Plaintiff.

30.     Plaintiff provided Defendant with the Stay Order and the underlying briefing.

31.     Plaintiff advised Defendant that a court of competent jurisdiction had

determined that Mr. Murschel need not formally bring claims to trigger Line Finder's

defense obligations.

32.     On March 2, 2021, Defendant denied Plaintiff's claim.

33.     In the correspondence containing and explaining the denial, Defendant

admitted that Devon qualified as an additional insured under the Policy.

34.     Nevertheless, Defendant denied Plaintiff's claim for coverage under the

Policy because Mr. Murschel had not formally filed suit.

35.     Defendant's coverage position is baseless and contrary to the court's ruling

in the Oklahoma Case.

36.     Defendant has now put Plaintiff, its insured, in the position of spending

hundreds of thousands of dollars to litigate whether it is required to defend and indemnify

Devon against a claim that Defendant recognizes may never materialize.

EXHIBIT  B

37.     It was precisely to avoid such a costly dispute that Plaintiff paid for and obtained the Blanket Additional Insured Endorsement under the Policy.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

38.     Plaintiff incorporates by reference all preceding allegations as though fully stated herein.

39.     Plaintiff and Defendant are parties to a lawful and binding agreement, the Policy.

40.     Plaintiff has performed pursuant to the Policy, including by, without limitation, timely paying premiums and complying with all provisions governing the claim and loss.

41.     Defendant has breached the Policy by refusing to defend and indemnify Devon, as Plaintiff's additional insured under the Policy, against Mr. Murschel.

42.     As a direct and proximate cause of Defendants' breach of contract, Plaintiff has been damaged, including without limitation by having to incur attorney's fees and defend itself in the Oklahoma Case, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Denial of Insurance Coverage)

43.     Plaintiff incorporates by reference all preceding allegations as though fully stated herein.

44.     Plaintiff has suffered losses covered by the Policy and submitted a claim for those losses to Defendant.

EXHIBIT  B

45.     The claimed losses and damages submitted by Plaintiff are covered by the Policy and Plaintiff is owed covered benefits under the Policy.

46.     Defendant owes the benefits referenced herein to Plaintiff under the Policy.

47.     Defendant breached its duty to act reasonably and in good faith by, *inter alia*, denying Plaintiff's claim based on a theory that a court of competent jurisdiction had already considered and rejected.

48.     Defendant's denial of benefits to Plaintiff was therefore without any reasonable basis.

49.     Defendant knew or recklessly disregarded that Defendant lacked a reasonable basis for denying Plaintiff's claim.

50.     Plaintiff has been damaged by Defendant's bad faith refusal to provide Plaintiff with the benefits that Plaintiff is owed under the Policy in an amount to be proven at trial.

51.     Plaintiff is entitled to punitive damages for Defendant's bad faith conduct, and pursuant to W.S. § 26-15-124, Plaintiff is owed its reasonable attorney's fees and interest at ten percent per annum.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant, for pre- and post-judgment interest, attorney's fees as allowed by law, punitive damages as allowed by law, and for such other and further relief as this Court deems just and proper.

EXHIBIT  B

DATED this 26th day of May, 2021.

Respectfully Submitted,

LONABAUGH AND RIGGS, LLP

By: _____

Amanda K. Riggs, WSB No. 6-3946
J. Kyle Hendrickson, WSB No. 7-5545
P.O. Drawer 5059
Sheridan, WY 82801
307-672-7444 – Telephone
307-672-2230 – Facsimile
amanda@lonabaugh.com
kyle@lonabaugh.com

and

ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.

Jordan Factor, *pro hac vice*
Brenton L. Gragg, *pro hac vice*
1600 Stout Street, Suite 1900
Denver, Colorado 80202
(303) 534-4499
E-mail: jfactor@allen-vellone.com
E-mail: bgragg@allen-vellone.com
ATTORNEYS FOR THE PLAINTIFF

EXHIBIT B

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and exact copy of the above instrument was sent to the following by U.S. Mail, postage prepaid, on this 26th day of May, 2021:

| | |
|---|---|
| John M. Palmeri | [x ]  U.S. Mail |
| Gregory S. Hearing | [  ]  FedEx |
| Gordon & Rees LLP | [  ]  Facsimile |
| 555 Seventeenth Street, Suite 3400 | [  ]  Hand Delivered |
| Denver, CO 80202 | [x ]  Electronic Mail |
| jpalmeri@grsm.com | |
| ghearing@grsm.com | |

OF LONABAUGH AND RIGGS, LLP

EXHIBIT  B